UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| V. | NO. 07-428 |
| ANTHONY MARTIN | SECTION "F" |

ORDER AND REASONS

Before the Court is Anthony Martin's motion for reduction of sentence.  For the reasons that follow, the motion is DENIED.

Background

Anthony Martin and eight others including his wife were indicted on December 14, 2007 and charged with participating in a conspiracy involving the possession of personal checks stolen from the mail between April 2001 and January 2004.

On July 31, 2008 Martin pled guilty to one count of conspiracy to possess stolen mail.  On March 26, 2009, this Court sentenced Martin to 21 months imprisonment and three years supervised release; Martin was ordered to pay $4,999.00 in restitution to cover the estimated loss from his participation in the conspiracy. On January 14, 2010, Martin's term of supervised release began.

In August 2010, an arrest warrant was issued for Martin's arrest, and the Government requested that Martin be ordered to show cause why his supervised release should not be revoked; the Government contended that Martin had violated his supervised

1

release by not paying the ordered restitution and by testing positive for cocaine three times since his release.  The Court granted the Government's request and scheduled a revocation hearing.  At Martin's revocation hearing on September 22, 2010, the Court found that Martin violated the terms of his supervised release, and he was remanded to prison for six months, to be followed by 12 months of supervised release.

After his second term of supervised release had commenced, in 2011, following another series of positive drug testing and an arrest for shop-lifting at a Wal-Mart in Slidell, Martin was placed in home confinement for six months and ordered to receive mental health treatment.

In February 2012, the Government filed a second rule to revoke Martin's supervised release.  The Government contended that Martin had only paid $50.00 toward restitution, and that he had failed two drug tests.  At the second revocation hearing on March 8, 2012, this Court found that Martin violated the terms of his supervised release, and sentenced him to 24 months imprisonment, without ordering an additional term of supervised release.  According to the Government, Martin is scheduled to be released from prison on October 31, 2013.  Martin now seeks a reduction of his 24 month prison sentence.

### I.
#### A.

In seeking a reduction of the 24 month prison sentence he is

currently serving, Martin makes three arguments.  First, he contends that the sentence he received for his first supervised release violation was improper because the term of supervised release imposed (12 months) was longer than the term of imprisonment imposed (6 months).  Second, Martin contends that because the statute he pleaded guilty to did not explicitly provide for a term of supervised release, none was allowed to be imposed. Third, Martin contends that his term of supervised release was improper because it was a sentencing enhancement and the Government failed to give proper notice prior to his sentencing hearing. Based on these arguments, Martin suggests that he never should have been on supervised release in the first or second instance and, thus, would never have been able to violate his supervised release the second time, which would make his current incarceration improper.  Martin's arguments are without merit.

*B.*

1.

Pursuant to 18 U.S.C. §§ 3583(e)(3) and (h), the Court may, upon a finding by a preponderance of the evidence that a defendant violated a term of supervised release, "require the defendant to serve in prison all or part of the term of supervised release," but not more than two years, as in this case, where the underlying offense is a Class D felony.  In addition, the Court "may include a requirement that the defendant be placed on a term of supervised

3

release after imprisonment." The only limitation as to the period of the supervised release term imposed after a violation is that it "shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release."  18 U.S.C. § 3583(h).

Here, because Martin's original term of supervised release was 36 months and the sentence imposed following the first revocation proceeding was six months, this Court could have included up to 30 months of supervised release following his first revocation. Accordingly, in advancing his argument that this Court could not sentence him to a term of supervised release longer than the accompanying prison term, Martin misconstrues the applicable law as it applies to his case.  The Court was well within its discretion to impose a 12 month term of supervised release following his initial revocation.

2.

Martin's second argument (that supervised release should not have been included because the statute to which he pleaded guilty did not expressly provide for a term of supervised release) has no basis in law.  "The court in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, <u>may</u> include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment...." 18 U.S.C. §

4

3583(a)(emphasis added).[1]  Clearly the Court has discretion to include as part of a sentence the requirement that the defendant be placed on supervised release after imprisonment, even if such a requirement is not expressly required by statute.

3.

Martin's final argument that his first and second supervised release violations were sentencing enhancements improperly imposed without notice likewise fails as a matter of law.  He provides no support for this contention, which is contrary to the statutory authority referenced above.[2]  The Government points out that supervised release is governed by statute (18 U.S.C. § 3582), and is not an enhancement as that term is understood under the Federal Sentencing Guidelines.  The Court agrees.

Because Martin's three arguments are without merit, it follows that the conclusion Martin ultimately requests the Court to draw (that he should have never been on supervised release the first or second time and, thus, he would not have been able to violate his supervised release the final time, which would make his current incarceration improper) likewise fails.  Accordingly, IT IS

---

[1] Further, § 3583(a) states that the Court "shall include as a part of the sentence a requirement that the defendant be placed on a term of supervised release if such a term is required by statute." 18 U.S.C. § 3583(a)(emphasis added).

[2] See also, generally, Johnson v. United States, 529 U.S. 694 (2000)(attributing post-revocation penalties to the original conviction).

ORDERED: that the motion for reduction of sentence is DENIED.

New Orleans, Louisiana, February 20, 2013

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE